UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROZEL OPERATING CO.                          CIVIL ACTION

VERSUS                                       NO: 16-1687

CROWN POINT HOLDINGS,                        SECTION: "J"(1)
LLC, ET AL.

## ORDER & REASONS

Before the Court is Defendant International Metal Recycling, LLC's *Motion to Review Magistrate's Ruling* **(Rec. Doc. 29)** and *Motion for Leave to File Reply* **(Rec. Doc. 36)**. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from another on-going litigation, *Cashman Equip. Corp. v. Rozel Operating Co.*, 569 F. App'x 283, 285 (5th Cir. 2014).[1] The pertinent facts to this motion are as follows. Pursuant to a judgment rendered against Rozel Operating Company ("Rozel"), it was ordered to retrieve the barge known as JMC 109 from the Gulf of Mexico. In an effort to comply with the judgment, on September 2, 2014, Rozel entered into a contract with Crown Point Holdings, LLC ("Crown Point") for the salvage of JMC 109 on a "no cure/no pay" basis. In other words, all payments by Rozel to

---

[1] For a more detailed account of the background to the *Cashman* litigation *see* Rec. Doc. 26.

Crown Point were contingent upon the complete salvage of the JMC 109. Crown Point failed to complete the salvage operation in breach of the parties' agreement.

During the salvage operation, Crown Point subcontracted much of the work to IMR. IMR alleges that it is owed approximately $876,000 for the salvage of JMC 109 which Crown Point has not paid. IMR has attempted to hold Rozel liable for the amounts Crown Point allegedly owes IMR. Further, IMR now attempts to hold Northstar Offshore Group, LLC ("Northstar"), the alleged operator of an oil and gas site where IMR alleges it performed work, liable for Crown Point's alleged debts to IMR by filing an oil and gas lien on two of Northstar's wells. IMR alleges that: (1) Northstar is the current operator of the two wells at the well site where IMR performed its work; (2) Northstar is responsible for its efforts to salvage the JMC 109; (3) Its lien is valid, therefore providing a right to proceed against Northstar; and (4) It should not be required to defend its lien in the instant action and pursue its lien against Northstar in another court. (Rec. Doc. 12.)

The basis for this lawsuit by Rozel, as to IMR, is declaration that the lien is invalid, an order requiring cancellation of the lien, damages arising from the alleged wrongful filing of the lien, and, in the alternative, if IMR is successful in any claim against Rozel, a judgment against Crown be entered for all damages owed to IMR. (Rec. Doc. 26, at 4.) On April 21, 2016 International Metal

2

Recycling, LLC ("IMR") filed a motion to implead Northstar Offshore Group, LLC ("Northstar") under Rule 14 of the Federal Rules of Civil Procedure. (Rec. Doc. 12.) On May 24, 2016, Magistrate Judge Shushan ruled that IMR's third-party demand against Northstar did not comply with the requirements for a third-party demand under Federal Rule of Civil Procedure 14(a). (Rec. Doc. 26, at 5.) Further, Judge Shushan ruled that IMR's third-party demand did not comply with the scope of impleader under Rule 14(c) relating to admiralty or maritime claims. *Id.* Finally, due to IMR's apparent failure to reply, IMR's arguments concerning the Louisiana Oil Well Lien Act were denied. *Id.* Thereafter, on June 6, 2016 IMR filed this motion to appeal the magistrate's ruling. (Rec. Doc. 59.)

## PARTY'S ARGUMENTS

IMR argues that Magistrate Judge Shushan's ruling is improper "because it is directly contrary to La. R.S. § 9:4863," better known as the Louisiana Oil Well Lien Act ("LOWLA"). (Rec. Doc. 29-1, at 5.)  IMR alleges that it performed "operations" as defined by LOWLA, when it was subcontracted to remove breaker barges from the well site. *Id.* IMR further alleges that IMR performed the work within the area encompassing the mineral lease, and therefore, such services were performed at the well site in compliance with LOWLA. Finally, IMR argues should the magistrate judge's order

3

stand, IMR will be forced to litigate the enforcement of the privilege against Rozel and Crown Point in this forum, and against Northstar in a separate forum. *Id.* at 4. In all, IMR asks this Court to reverse the magistrate's ruling.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive pre-trial motion may be appealed to the district judge for review pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. A magistrate judge is afforded broad discretion in resolving such motions, and the standard of review is deferential. When a timely objection is raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016). For issues that are committed to a magistrate judge's discretion, the decision will be reversed only for an abuse of discretion. *Id.*

A court's discretion, however, is improper where the third-party plaintiff "cannot show a basis for the third-party defendant's liability to the third-party plaintiff." *Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. 13-672, 2014 WL 68792, at *2 (E.D. La. Jan. 8, 2014) (quoting *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 848-50 (5th Cir. 1978)). In other words, the defendant must be attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. *Id.* (quoting *Anadarko Petrol. Corp. v. Great Plains Gas Compression, Inc.*, No. H-05-1949, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007)). Finally, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (3d ed. 2014).

## DISCUSSION

Judge Shushan denied IMR's motion to implead Northstar for three reasons: 1) IMR's proposed third-party demand against Northstar does not comply with the requirements for a third-party demand under Rule 14(a);[2] 2) IMR's proposed third-party demand does

---

[2] The Court assumes that by the magistrate's ruling, "IMR's proposed third-party demand against Northstar does not comply with the requirements for a third-party demand under Rule 14(a)" that the magistrate found Northstar is not a proper third-party defendant. Thus, it was not in the magistrate's discretion to allow IMR to implead Northstar. Further support of this assumption is the

not comply with the scope of impleader under Rule 14(c) relating to admiralty and maritime claims; and 3) IMR did not file a reply to Rozel's arguments concerning the applicability of LOWLA to the present action. Thus, if at least one of the magistrate's reasons was not an abuse of discretion, then the magistrate's order shall not be disturbed.

The magistrate's decision to deny Defendant's Rule 14 impleader is a non-dispositive motion. *See Botkin v. Tokio Marine & Nichido Fire Ins. Co, Ltd.,* 956 F. Supp. 2d 795, 801 (E.D. Ky. 2013). Generally, district courts have "wide discretion in determining whether to permit such third party procedure." *Briones v. Smith Dairy Queens, Ltd.,* 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (quoting *McDonald v. Union Carbide Corp*., 734 F.2d 182, 183 (5th Cir.1984)). "The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* However, If Northstar is not a proper third-party defendant, there is no discretion in allowing IMR to implead Northstar and the motion to implead must be denied. *See Cedar Ridge, LLC,* 2014 WL 68792, at *2; *Virmar Overseas, LTD. v.*

---

fact that the magistrate's ruling did not discuss the four discretionary factors in deciding whether to *allow* a third-party complaint. (Rec. Doc. 26.)

*OceanConnect, LLC*, No. 29-2012, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012).

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defendant party may, as a third-party plaintiff, serve summons and complaint on a nonparty who is or may be liable to it for all or part *of the claim against it*." Fed. R. Civ. Pro. 14(a)(1) (emphasis added). Thus, to determine whether Northstar is a proper third-party defendant, the Court must determine if Northstar may be liable to IMR if IMR is liable to Rozel for Rozel's claim against IMR." *See Cedar Ridge, LLC,* 2014 WL 68792, at *3. As to IMR, Rozel seeks a declaration that IMR's lien over the Northstar oil and gas wells is invalid, an order requiring cancellation and removal of the lien, and damages arising from the alleged wrongful lien. (Rec. Doc. 1.) Therefore, in order for Northstar to be a proper third-party defendant, Northstar must potentially be liable to IMR for the damages that may have arisen as a result of the alleged wrongful lien. As correctly noted by Judge Shushan and Plaintiff, "If IMR is found liable to Rozel and the lien therefore invalidated, Northstar would not be liable to Rozel or IMR for the invalid lien." (Rec. Doc. 26, at 5.) In other words, Northstar would not be liable to Rozel for the potential damages caused by IMR's wrongful lien.

Based on the above law and facts, Rule 14 of the Federal Rules of Civil Procedure does not permit IMR to implead Northstar in

7

this action. Therefore, the Court denies Defendant's request to reverse the magistrate's ruling as it was not clearly erroneous or contrary to law.


## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant International Metal Recycling, LLC's *Motion to Review Magistrate's Ruling* **(Rec. Doc. 29)** is **DENIED.**

**IT IS FURTHER ORDERED** that that Defendant International Metal Recycling, LLC's *Motion to for Leave to File Reply* **(Rec. Doc. 36)** is **DENIED.**


New Orleans, Louisiana, this __28th__ day of __June__, 2016.




CARL J. BARBIER
UNITED STATES DISTRICT JUDGE